IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL L. ANAYA, pro se,

    Plaintiff,

v.                                                              CIV 13-0794 KBM

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## ORDER

THIS MATTER is before the Court *sua sponte*. On May 13, 2014, this Court issued an Order to Show Cause requiring Plaintiff to explain why this case should not be dismissed for Plaintiff's failure to file his Motion to Remand by March 24, 2014. *Doc 22.* In response, Plaintiff sent a letter to the Court stating that he is a recovering alcoholic "currently dealing with life threatening health issues" and that those issues "make it almost impossible to work," and that he should be considered for social security disability insurance. (*Doc. 23*). Plaintiff has not filed the required motion to remand, however, in the four months since his letter to the Court.

It is Plaintiff's burden to establish that the decision of the administrative law judge was incorrect. Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision was supported by substantial evidence; and second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."

*Id.* (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) and *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (brackets in original). Plaintiff's blanket assertion that he "should be considered a candidate for SSI" fails to meet his burden of demonstrating that Administrative Law Judge Ann Farris erred when she found in 2011 Plaintiff to be nondisabled and denied benefits.

In light of Plaintiff's pro se status and difficult circumstances, the Court will give him a final opportunity to set forth the merits of his appeal. Plaintiff is cautioned that failure to submit a motion to remand will result in dismissal of this appeal. The Court strongly encourages Plaintiff to consult with an attorney who specializes in social security appeals. If he obtains the services of an attorney and a motion to reverse or remand is successful, the attorney is able to recover attorney fees.

Wherefore,

**IT IS HEREBY ORDERED** that no later than October 31, 2014, Plaintiff shall file his motion to remand with the Court and must serve a copy on Respondent. Plaintiff is also hereby notified that failure to submit his motion will result in dismissal of this appeal without further notice.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE