IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL L. ANAYA, pro se,

    Plaintiff,

v.                                                  CIV 13-0794 KBM

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## ORDER OF DISMISSAL

THIS MATTER is before the Court to consider Plaintiff Michael L. Anaya's failure to file a motion to remand by October 31, 2014, as ordered by the Court on September 26, 2014. *Doc. 24*. On January 23, 2014, a briefing schedule was entered ordering Plaintiff to file his motion to reverse or remand no later than March 24, 2014. *Doc. 21*. Because Plaintiff failed to file anything at all, the Court issued an Order to Show Cause on May 27, 2014 requiring Plaintiff to show cause why this case should not be dismissed for failure to abide by the Court's briefing schedule. *Doc. 22*. In response, Plaintiff filed a letter with the Court but the letter did not assert any errors on the part of the administrative law judge or grounds for remand. *Doc. 23*. Consequently, on September 26, 2014, the Court allowed Plaintiff a final opportunity and additional time to submit a motion to remand up until October 31, 2014. *Doc. 24*.

Plaintiff, however, did not file a motion to remand by the new deadline. Instead, Plaintiff submitted a letter by Christus St. Vincent Urology Associates

setting forth a physician's description of Plaintiff's current physical ailments, requesting that Plaintiff receive certain medications that he cannot afford and observing that Plaintiff is currently under a 10-pound lifting restriction due to his ailments.  Although the Court is sympathetic to Plaintiff's current situation, this letter may not be used as a substitute for a proper motion to remand, which must set forth what errors Plaintiff believes were made by the administrative law judge in determining his claim for disability at the time the ALJ undertook the review.

Because Plaintiff has failed to file a motion to remand within the additional time, the Court is unable to find any error in the decision denying disability benefits.  As previously noted, the Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency.  *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-302 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

Although this appeal will be dismissed, that does not preclude Plaintiff from reapplying for benefits from the Social Security Administration and beginning the process anew.  Further, if Plaintiff chooses to seek the assistance

of an attorney who specializes in Social Security appeals, often the attorney fees are recoverable should he prevail on his claims.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed with prejudice** and a final order of dismissal under Rule 58 of the Federal Rules of Civil Procedure shall be entered concurrently herewith.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent